## No. 460

### DENNISON BRICK & TILE CO. et al. v. CHICAGO TRUST CO et al.

U. S. Circuit Court of Appeals, Sixth Circuit

No. 3609. 286 Fed. Decided Feb. 9, 1923

JURISDICTION—(1) Court first acquiring jurisdiction over rest has exclusive jurisdiction—(2) State court held to have acquired exclusive jurisdiction of matters concerning mortgage—(3) Jurisdiction of state court in suit to quiet title to subject land to payment of mortgage.

KNAPPEN, J.

Epitomized Opinion

One Sturgeon purchased, at bankruptcy sale, certain real estate in Tuscarawas county, Ohio, subject to certain purported liens thereon which included a mortgage by the bankrupt to the Chicago Trust Company as trustees. Sturgeon entered into possession of the premises by virtue of this purchase and thereafter began suit in the Common Pleas Court of Tuscarawas county to quiet title. The two mortgage trustees, as well as other lien holders, were made parties defendant. The petition set forth that the mortgage was void and as the mortgage trustees were non-resident. Service was acquired by publication. The mortgage trustees demurred to the petition and also answered asserting the validity of the trust mortgage. During the penancy of this suit to quiet title in the state court and after the appearance of the mortgage trustees therein, but before answer was filed. the trustees and beneficiaries began suit in the U. S. District Court at Cleveland in equity for a foreclosure of the mortgage, making Sturgeon and his grantee parties defendant. A motion was filed by Sturgeon to stay proceedings in the foreclosure suit until the final determination of the suit in the state court was filed and denied. The Brick & Tile company, Sturgeon's grantee, then answered, asserting the complete invalidity of the mortgage, and set up in bar of the foreclosure suit priority of jurisdiction over the subject matter acquired by the state court in the then pending suit to quiet title. The foreclosure suit was heard in the federal court and a decree of foreclosure and sale made. Sturgeon and other then appealed from this decree to the U. S. Circuit Court. In reversing the judgment of the district court, it was held:

(Continued on Page 453)

# STATE SUPREME COURT
## Judges, Officers, Proceedings, Sessions and Opinions

## SUPREME COURT of OHIO
### COLUMBUS

Chief Justice—C. T. Marshall, Zanesville.

Judges—R. M. Wanamaker, Akron; Thomas A. Jones, Columbus; Edward S. Matthias, Van Wert; James E. Robinson, Marysville; Florence E. Allen, Cleveland; Robert H. Day, Massillon.

Clerk—Seba H. Miller, Springfield.

Deputy Clerks—Thos. J. Edwards, Lawrence J. Corcoran.

Regular Term—First Tuesday after first Monday of January, at Columbus.

Reporter—John W. L. Henney, Columbus; Bell.

Assistant Reporters—Clinton Collins, H. L. Connett, Columbus.

### LAW LIBRARY

Librarian—Louis McCallister, Columbus.

Assistants—Robert L. Hoyt, James P. Martindale, A. W. Buckmaster, W. W. McDonald, all of Columbus; Philip Allen, New Lexington.

---

### DECIDED CASES
### SYLLABI

No. 17732—The La France Electrical Construction & Supply Co. v. International Brotherhood of Electrical Workers. Error to the Court of Appeals of Lucas county.

STRIKES—Picketing during strike—Peaceable efforts to persuade other employes not to be enjoined.

ALLEN, J.

Picketing the plant of an employer by strikers during a strike, and peaceful discussion with and persuasion of employes to leave their employment, which under the terms of their contract is terminable at will, and peaceable persuasion of men applying for employment not to work for that particular employer, if unaccompanied by physical violence, abuse, intimidation or any form of coercion or duress, direct or indirect, are not unlawful and cannot be enjoined.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Day, JJ., concur.

---

No. 17749—The Hadfield-Penfield Steel Co. v. Albert Sheller, by, etc. Error to the Court of Appeals of Lake county.

PLEADINGS—(1) Statutory causes of action, how to be stated in petition—Matter for judicial notice, not to be stated. CHARGE TO JURY—(2) Court should instruct as to violation of statutory duties if in issue.

MARSHALL, C. J.

1. Where a suit is brought upon a claim arising out of a duty created by statute it is necessary only that the petitioner should state facts which bring the defendant within the liability created by that statute, without referring to it. It is never necessary in pleading to state matter of which the court is bound to take judicial notice.

2. The violation of a duty defined by any competent legislative authority is negligence per se, and upon an issue of the neglect or violation of such duty the trial court should instruct the jury that it is its duty to determine whether there has been a failure to discharge that duty and whether such failure is the proximate cause of injury.

Judgment affirmed.

Wanamaker, Day and Allen, JJ., concur.

1. The pendency in a federal court of an action in personam is not ground for abating a subsequent action in a state court or vice versa, each court being at liberty to proceed to final judgment, such judgment first rendered being binding on both parties; but where the action is one in rem, that court, whether state or federal, which first acquires jurisdiction over the res has exclusive authority to control and dispose of it.

2. As a suit to quiet title is an action in rem, the state court acquires exclusive jurisdiction and during its pendency the federal court has no jurisdiction to entertain a suit to foreclose a mortgage on the same land.

3. In a suit in Ohio to quiet title as against a mortgage the state court has jurisdiction in the same case to subject the land to payment of the mortgage, if found valid by foreclosure and sale.

Attorneys—Smith W. Bennett, for Dennison Brick & Tile Co. et al; Brooklyn Bridge, for Chicago Trust Co. et al.